UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN ORLANDO MARTIN, JR., | No. C 06-5214 SI (pr) |
|     Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| B. CURRY, warden, | |
|     Respondent. | |

## INTRODUCTION

Ben Orlando Martin, Jr., currently incarcerated at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition contains the following information: Martin was convicted in Santa Clara County Superior Court of residential robbery, felony false imprisonment, attempted murder and assault with a firearm. Various firearm enhancements were found true. He was sentenced on September 13, 2002 to a term of 36 years to life in state prison. He appealed; the California Court of Appeal affirmed the conviction and the California Supreme Court denied his petition for review in 2004. Martin filed unsuccessful habeas petitions in state court, the last of which was denied on March 26, 2006. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition contains the following claims: (1) Martin's right to due process was violated because there was insufficient evidence to support his conviction of premeditated and deliberate attempted murder, (2) the prosecutor used peremptory challenges in a discriminatory way, see Batson v. Kentucky, 476 U.S. 79 (1986), (3) Martin's right to due process was violated by the use of the implied malice jury instruction, (4) Martin's right to due process was violated by the failure to give a modified version of CALJIC 8.72, (5) Martin's right to due process was violated by the failure to instruct that it was the prosecutor's burden of proof to demonstrate the unlawfulness of the attempted homicide, (6) Martin's right to due process was violated by the trial court's ruling on Martin's motion for new trial, (7) Martin's sentence amounts to cruel and unusual punishment, (8) a cumulative error claim, (9) the sentence imposed violates Martins' right to a jury trial, see Blakely v. Washington, 542 U.S. 296 (2004), and (10) Martin received ineffective assistance of trial and appellate counsel in that they did not raise the additional issue raised by Martin on habeas (which apparently was the Blakely claim). Liberally construed, the claims identified above are cognizable in a federal habeas proceeding.

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons,

1. The petition presents cognizable claims and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondents and respondents' attorney, the Attorney General of the State of California. The clerk shall also send a copy of this order to petitioner.

3. Respondents must file and serve upon petitioner, on or before **February 2, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondents must file with the answer a copy of the record of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 2, 2007**. <u>Petitioner must comply with the 25-page limit on memorandums of points and authorities – i.e., his traverse points and authorities may not exceed 25 pages in length</u>.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly inform the court of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

6. Petitioner's <u>in forma pauperis</u> application is DENIED. (Docket # 4.) The application is incomplete and, in any event, petitioner has paid the filing fee.

IT IS SO ORDERED.

DATED: November 13, 2006

SUSAN ILLSTON
United States District Judge